UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FLOYD W. WHITE                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:18CV-P2-GNS

LOGAN COUNTY DETENTION CENTER                                              DEFENDANT

### MEMORANDUM OPINION

Plaintiff Floyd W. White initiated this *pro se* civil action. Because Plaintiff did not pay the required filing fee, the Clerk of Court issued a notice of deficiency directing Plaintiff to either pay the $400.00 filing fee or file a motion to proceed *in forma pauperis* within 30 days. However, Plaintiff failed to comply with the deficiency notice. Therefore, by Order entered February 2, 2018, the Court directed Plaintiff to file an application to proceed without prepayment of fees on the Court-approved form or pay the filing fee within 30 days (DN 4). The Court also ordered Plaintiff to re-file his complaint on a Court-approved form within the same time period. The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons,

particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the notice of deficiency and the Court's prior Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: March 26, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.010